IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAE RUSHING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01704-G (BT) |
| | § | |
| EXETER FINANCE LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mae Rushing brings this *pro se* civil action against Exeter Finance LLC (Exeter). The Court granted Rushing leave to proceed *in forma pauperis* but has not issued process pending judicial screening. (ECF No. 7) Having screened the operative complaint, the Court recommends the case be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Rushing initiated this action by filing a complaint (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). After granting her motion, the Court informed Rushing that her complaint did not comply with Federal Rule of Civil Procedure 8(a). (ECF No. 8). Thereafter, Rushing filed an amended complaint, to which she attached several documents—including a Retail Installment Sales Contract for a used car and some correspondence. Am. Compl. (ECF No. 9.)

1

In her amended complaint, which is the operative complaint,[1] Rushing alleges that she is a party to a "consumer credit transaction" with Exeter for a car and that Exeter violated her legal rights under (i) the Truth in Lending Act (TILA), 15 U.S.C. § 1605 and 15 U.S.C. § 1635, (ii) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and (iii) the Gramm-Leach Bliley Act (GLBA), 15 U.S.C. § 6802. Am. Compl. 3, 4 (ECF No. 9). Specifically, Rushing contends that Exeter charged her an amount that exceeded the finance charge agreed-upon in the contract. *Id.* She also contends that Exeter did not advise her of her right to rescind the finance contract. *Id.* at 5. Last, she contends that Exeter disclosed her private information to a non-affiliated third party. *Id.* As relief, Rushing seeks $50,843.52 in damages. *Id.*

## Legal Standards and Analysis

Rushing's amended complaint is subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).

2

may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Court liberally construes Rushing's filings with all possible deference due a *pro se* litigant. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Rushing's amended complaint fails to state a claim upon which relief can be granted.

3

1.  Rushing's claims under the TILA are barred by the statute of limitations.

Rushing alleges that Exeter violated her rights under the TILA. Am. Compl. 5 (ECF No. 9). Specifically, she contends that the finance contract she signed on March 4, 2020 did not include a provision for payments to be made in cash. *Id.* Rushing further contends that Exeter failed to disclose to her that she had a right to rescind the contract. *Id.*

Rushing's TILA claims arise under 15 U.S.C. §§ 1605 and 1635. Am. Compl. 3 (ECF No. 9). A claim for damages under the TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e); *see also Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 & n.1 (5th Cir. 1986) (citing 15 U.S.C. § 1640(e) and noting that "[a]ny action under this section may be brought within one year from the date of the occurrence of the violation."). The alleged violation here occurred on March 4, 2020—the date Rushing executed the finance contract. Am. Compl. 4 (ECF No. 9). Rushing filed this lawsuit on August 5, 2022, more than two years later. Therefore, Rushing's TILA claims are barred by the statute of limitations.

2.  Rushing has no private right of action under the GLBA.

Rushing also alleges that Exeter violated her rights under the GLBA. *Id.* at 5. Specifically, she contends that Exeter disclosed her personal information to non-affiliated, third-party credit agencies Equifax, Trans

4

Union, and Experian. *Id.* Rushing further contends that Exeter failed to give her the right to opt out of credit reporting. *Id.*

There is no private right of action under the GLBA. *See In re Bates*, 2010 WL 2203634, at *16 (S.D. Miss. May 27, 2010) ("[C]ourts consistently have recognized that no private right of action exists for an alleged violation of the GLBA.") (citing *Borninski v. Williamson*, 2004 WL 433746 (N.D. Tex. Mar. 1, 2004)); *see also Flicher v. BAC Home Loan Servicing, LP*, 2011 WL 13202955, at *5 (E.D. La. Feb. 4, 2011) (citing *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007)). Because there is no private right of action, Rushing has failed to state a claim under the GLBA.

3. Rushing's FDCPA claims fails on the merits.

Rushing alleges that Exeter violated her rights under the FDCPA. Am. Compl. 5 (ECF No. 9). Specifically, she contends that Exeter used a post card to inform her she would remain liable on the finance contract. *Id.* Rushing also contends Exeter subjected her to harassment and abuse when it informed her that her car was in "active repossession." *Id.*

To state a claim under the FDCPA, Rushing must plausibly plead: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as that term is defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Vazzano v. Receivable Management Services, LLC*, ___F.Supp.3d ___, 2022 WL 3349149, at *7 n.18 (N.D. Tex. Aug. 12, 2022); *Hunsinger v.*

*SKO Brenner Am.,* Inc. 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013); *see also Douglas v. Select Portfolio Servicing, Inc.*, 2015 WL 1064623, at *4 (S. D. Tex. Mar. 11, 2015). Under the second element, a plaintiff must plead that the defendant is a debt collector under the FDCPA. The term "debt collector" refers to any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Parrales v. Aditya,* 2022 WL 4073350, at *2 (N.D. Tex. Aug. 4, 2022) (quoting 15 U.S.C. § 1629a(6)), *rec. adopted* 2022 WL 4073345 (N.D. Tex. Sept. 2, 2022). The FDCPA's definition of debt collector specifically does not apply to "any officer or employee of a creditor . . . collecting debts for such creditor . . . [or] any person collecting or attempting to collect . . . a debt which was not in default at the time it was obtained by such person." *Id.* (quoting 15 U.S.C. § 1692a(6)(A, F)). The FDCPA does not apply to an entity attempting to collect a debt that it has purchased from the debt's originator, unless that entity is organized for "the principal purpose" of collecting debt. *Id.* (citing *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721-22 (2017)).

Rushing does not allege facts to plausibly plead that Exeter is a debt collector, as that term is defined by the FDCPA. Rather, the term "debt collector" specifically refers to those who are collecting a debt *on behalf of*

6

*another*. It does not apply to creditors—like Exeter—who are collecting *their own debts*. See *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Rushing has failed to plausibly allege that Exeter, the only named defendant, is a debt collector under the FDCPA. Accordingly, she has failed to state a claim under the FDCPA and this claim should be dismissed under § 1915(e)(2)(B). *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (the defendant was not a debt collector, and it was therefore not subject to the FDCPA).

    4. <u>The Court should not grant Rushing leave to amend</u>.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Rushing filed a complaint and an amended complaint. (ECF Nos. 1, 9.) Rushing has pleaded her best case, and granting leave to amend at this time would be futile and result in needless delay. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where

7

plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

## Conclusion

For the reasons stated, the Court should DISMISS this case under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**.

October 26, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).